IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

FRANK DURAND TOMLIN,            )
                                )
          Plaintiff,            )
                                )
     v.                         )     1:13CV91
                                )
SCOTLAND CORRECTIONAL           )
INSTITUTION, et al.,            )
                                )
          Defendant(s).         )

ORDER AND RECOMMENDATION
OF UNITED STATES MAGISTRATE JUDGE

Plaintiff, a prisoner of the State of North Carolina, has submitted a handwritten document labeled "Motion for an Order" in which he alleges that officers at Scotland Correctional Institution beat him while he was in full restraints, tampered with his food, and prevented him from communicating with the courts, his family, and his attorneys. He seeks an end to the "unlawful attacks" and to be transferred to Polk Correctional Institution. Although Plaintiff did not use the proper forms for filing a civil rights action pursuant to 42 U.S.C. § 1983, the nature of his filing has led the Court to construe it as such. Nevertheless, the form of the Complaint is such that serious flaws make it impossible to further process the Complaint. The problems are:

1.   Filing fee was not received nor was a proper affidavit to proceed *in forma pauperis* submitted, with sufficient information completed or signed by Plaintiff, to permit review.

2.  The Complaint is not on forms prescribed for use by this Court, nor is the information requested by such forms and necessary to process the Complaint pursuant to 28 U.S.C. § 1915A contained in Plaintiff's submission. See LR 7.1(e).

3.  Plaintiff has not named proper defendants or given sufficient addresses for them to be served. Plaintiff must name the persons who are actually responsible for the alleged violations of his constitutional rights.

4.  Then only relief that Plaintiff requests is that the Court order officers at Scotland Correctional Institution to cease "unlawful attacks" against Plaintiff and transfer Plaintiff to Polk Correctional Institution. Plaintiff alleges that it had already been recommended that he be transferred to Polk Correctional. It appears from the website of the North Carolina Department of Public Safety that Plaintiff has now been transferred to Polk Correctional. See http://webapps6.doc.state.nc.us/opi/offendersearch.do?method=list (search for "Frank Durand Tomlin" last completed on February 20, 2013). This necessarily removes him from the officers at Scotland Correctional. Therefore, his requests for relief appear moot.

Consequently, the Complaint should be dismissed, but without prejudice to Plaintiff filing a new complaint, on the proper § 1983 forms, which corrects the defects of the present Complaint. To further aid Plaintiff, the Clerk is instructed to send Plaintiff new § 1983 forms, instructions, an application to proceed *in forma pauperis*, and a copy of pertinent parts of Fed. R. Civ. P. 8 (*i.e.,* Sections (a) & (d)). *In forma pauperis* status is granted for the sole purpose of entering this Order and Recommendation.

Additionally, Plaintiff requests counsel to represent him in pursuing further legal action against Defendants. Under 28 U.S.C. § 1915(e)(1), "[t]he court may request an attorney to represent any person unable to afford counsel." However, "a plaintiff does not have an absolute right to appointment of counsel." Miller v. Simmons, 814 F.2d 962, 966

(4th Cir. 1987). Instead, appointment of counsel is "a matter within the discretion of the District Court. It is a privilege and not a right." Bowman v. White, 388 F.2d 756, 761 (4th Cir. 1968). In considering a request for appointment of counsel, the United States Court of Appeals for the Fourth Circuit has held that a litigant "must show that his case is one with exceptional circumstances." Miller, 814 F.2d at 966 (citing Cook v. Bounds, 518 F.2d 779, 780 (4th Cir. 1975)). "The question of whether such circumstances exist in any particular case hinges on characteristics of the claim and the litigant." Whisenant v. Yuam, 739 F.2d 160, 163 (4th Cir. 1984), abrogated in part on other grounds, Mallard v. United States Dist. Ct. for S.D. of Iowa, 490 U.S. 296 (1989) (holding that Section 1915 does not authorize compulsory appointment of counsel). Specifically, "[i]f it is apparent to the district court that a *pro se* litigant has a colorable claim but lacks the capacity to present it, the district court should appoint counsel to assist him." Gordon v. Leeke, 574 F.2d 1147, 1153 (4th Cir. 1978). Plaintiff has not shown that "exceptional circumstances" exist in this case. Therefore, his request for counsel is denied.

IT IS THEREFORE ORDERED that Plaintiff's request for counsel is denied, but that *in forma pauperis* status is granted for the sole purpose of entering this Order and Recommendation. The Clerk is instructed to send Plaintiff § 1983 forms, instructions, an application to proceed *in forma pauperis*, and a copy of pertinent parts of Fed. R. Civ. P. 8 (*i.e.,* Sections (a) & (d)).

IT IS RECOMMENDED that this action be filed and dismissed *sua sponte* without prejudice to Plaintiff filing a new complaint, on the proper § 1983 forms, which corrects the defects cited above.

This, the 20th day of February, 2013.

                               _____
                               United States Magistrate Judge